

FILED & ENTERED

JUL 16 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> SHAHRIAR JOSEPH ZARGAR and SHABNAM MESACHI, <br><br> Debtors and Debtors-in-Possession. | Case No.  2:18-bk-11525-RK <br><br> Chapter 11 <br><br> Adv. No.  2:18-ap-01149-RK <br><br> **MEMORANDUM DECISION ON BEHROUZ SHADSIRAT'S MOTION TO REMAND REMOVED STATE COURT LAWSUIT TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, CIVIL DIVISION, STANLEY MOSK COURTHOUSE** |
| BEHROUZ SHADSIRAT, <br><br>                       Plaintiff, <br>   vs. <br><br> JOSEPH ZARGAR, <br><br>                       Defendant. | Date:      July 3, 2018 <br> Time:      2:30 p.m. <br> Courtroom: 1675 |

   Pending before this court is the Motion of the Plaintiff Behrouz Shadsirat ("Plaintiff") to Remand  ("Motion") (Docket No. 8) filed on June 11, 2018, seeking remand of the civil action removed to this court from the Superior Court of California, County of Los Angeles, Civil Division, Stanley Mosk Courthouse.  Debtors/Debtors-in-

Possession/Defendants Shahriar Joseph Zargar and Shabnam Mesachi (collectively, "Debtors") filed an opposition to the Motion on June 19, 2018 (Docket No. 10). The Plaintiff filed a reply to the opposition to the Motion on June 26, 2018 (Docket No. 16).

The court held a hearing on the Motion on July 3, 2018. Rosendo Gonzalez of Gonzalez & Gonzalez Law, P.C. appeared on behalf for Plaintiff. Ashley M. McDow of Foley & Lardner LLP appeared for Debtors. At the hearing, the court heard the oral arguments of the parties on the Motion, and the court took the Motion under submission and set a further hearing on August 7, 2018.

Having considered the moving, opposing and reply papers, and oral arguments of the parties, and having taken the Motion under submission, the court vacates the hearing on August 7, 2018 and rules on the Motion as follows:

On November 28, 2012, Plaintiff initiated a civil action in the Superior Court of California for the County of Los Angeles, Civil Division, Van Nuys Courthouse East, Case Number LC099055, asserting causes of action for involuntary dissolution, breach of fiduciary duty, interference with economic relationship, conversion, violation of California Corporations Code Section 1602, accounting and declaratory relief against Defendants Shahriar Joseph Zargar, National Cash, Inc. ("NCI"), Mohammad Khajehmiraki, Shabnam Mesachi, Payment Alliance International, LLC, Elite Bankcard Solutions, LLC, and Bank of America, N.A. ("Van Nuys State Court Action"), which is not the subject of this adversary proceeding. Motion at 5.

On March 29, 2017, Plaintiff filed a second civil action in the Superior Court of California for the County of Los Angeles, Civil Division, Stanley Mosk Courthouse, against Defendant Joseph Zargar for civil liability under Nevada Revised Statutes § 225.84, Case Number BC655599) ("Downtown Los Angeles State Court Action"). *Id.* at

6-7. Plaintiff's complaint in the Downtown Los Angeles State Court Action alleges that Debtor Joseph Zargar filed a document with the Nevada Secretary of State containing false statements in bad faith for the purpose of harassing Plaintiff and defrauding others, which may result in civil penalties and/or punitive damages. *Id.* at 27-28 (Exhibit 1 to Motion). According to the case docket sheet for the Downtown Los Angeles State Court Action, discovery is pending, and the Superior Court has upon Plaintiff's motion imposed discovery-related sanctions against Debtor Joseph Zargar. *Id.* at 7 and Exhibit 2 attached thereto. The Superior Court's case docket also reflects that the trial in the Downtown Los Angeles State Court Action was set for September 4, 2018. *Id.*

On February 12, 2018, Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. (Docket Number 1, Main Bankruptcy Case). On May 7, 2018, Plaintiff filed a proof of claim in Debtors' bankruptcy case for $3.5 million, indicating "State Court Complaint" as the basis for the claim (Claim 9-1, Main Bankruptcy Case). On May 14, 2018, Plaintiff initiated an adversary proceeding against Debtor Joseph Zargar under 11 U.S.C. § 523 objecting to the dischargeability of his debt to Plaintiff (Adv. No. 2:18-ap-01144-RK).

On May 14, 2018, Debtors commenced this adversary proceeding by filing a Notice of Removal of State Court Action (Docket Number 1), which removed the Downtown Los Angeles State Court Action to this court. On May 18, 2018, Plaintiff filed a Demand for Jury Trial and Statement of Non-Consent (Docket Number 5).

By the Motion, Plaintiff requests that the court, pursuant to its authority under 28 U.S.C. § 1452(b), remand the Downtown Los Angeles State Court Action to the Superior Court of California. Motion at 2. Plaintiff argues that the Debtors' removal appears to be nothing more than a bad faith attempt to delay adjudication in state court. *Id*. at 3.

Accordingly, Plaintiff contends that equity and fairness dictate that this court remand the Downtown Los Angeles State Court Action. *Id.*

### **Equity Favors Remand of the Adversary Proceeding**

28 U.S.C. § 1452(b) provides in pertinent part that upon removal of a state court action, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This standard is "an unusually broad grant of authority" which allows for remand for reasons beyond those typical of non-bankruptcy removal statutes. *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999). In this judicial district, bankruptcy courts may consider up to fourteen factors in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009), *citing In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003); *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007). These fourteen equitable remand factors are:

1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand;
2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of the applicable law;
4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. The substance rather than form of an asserted "core" proceeding;

4

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden on the bankruptcy court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial;

12. The presence in the proceeding of nondebtor parties;

13. Comity; and

14. The possibility of prejudice to other parties in the action.

*Id*.  This court finds these fourteen factors as instructive in determining whether the Downtown Los Angeles State Court Action should be remanded to the Superior Court.

**1. Efficient Administration of the Estate**

The first factor, effect or lack thereof on the efficient administration of the estate if a court recommends remand, favors remand.  Because Plaintiff has filed an Adversary Complaint under 11 U.S.C. § 523 (the "523 Complaint") based on the same allegations as the Downtown Los Angeles State Court Action and the bankruptcy court has jurisdiction over the 523 Complaint, Debtors argue that remanding the Downtown Los Angeles State Court Action would multiply costs by requiring litigation of the same issues in two different forums and on two different timelines, which may also open the door to risk of inconsistent decisions.  Opposition at 7.

Because the parties have been litigating these issues in the Downtown Los Angeles State Court Action for over a year as reflected on the state court case docket attached to Plaintiff's motion, there have already been extensive litigation proceedings before the Superior Court in that litigation that will impact the final adjudication of the litigation (i.e., Plaintiff's motions to compel Defendant's deposition, Debtor Joseph

5

Zargar's responses to interrogatories and request to inspect writings, to deem requests for admissions admitted and Debtor Joseph Zargar's motion to transfer venue), and there are various discovery disputes that have been addressed by the Superior Court, which is in a better position being more familiar with the history of this case to address and rule upon in order to proceed for trial, the court agrees with Plaintiff.  Motion at 11-12; Reply at 5.  Since the Downtown Los Angeles State Court Action has been actively litigated in the Superior Court for over a year with final hearing dates already set, that is, the final status conference set for August 24, 2018 and the trial set for September 4, 2018, it seems to this court that the most efficient way to resolve the Downtown Los Angeles State Court Case is to allow the Superior Court to complete the trial and decision-making process, rather than sending the parties, witnesses, and evidence to start the process anew in a different court on the eve of trial.  Thus, this court agrees with Plaintiff that the efficient administration of the estate would not be affected by remand of the Downtown Los Angeles State Court Action because this would allow the state court more familiar with the factual and legal disputes to decide and liquidate Plaintiff's claims. Therefore, this factor weighs in favor of remand.

**2. Predominance of State Law Issues**

The second factor, extent to which state law issues predominate over bankruptcy issues, favors remand.  Plaintiff's cause of action involves purely an issue of state law whether Debtor Joseph Zargar has civil liability under Nevada Revised Statute § 225.84 for filing or recording a forged or fraudulently altered document or containing false statement or done in bad faith.

**3. Difficulty/Unsettled Nature of Applicable Law**

6

The third factor, difficulty or unsettled nature of the applicable law, weighs against remand. Plaintiff's cause of action does not involve law which is difficult or unsettled in nature. Motion at 12; Opposition at 8.

**4. Presence of Related Proceeding Commenced in State Court**

The fourth factor, presence of a related proceeding commenced in state court, weighs in favor of remand. Technically speaking, as Debtors argue, there is no presence of a related proceeding commenced in state court because this proceeding was removed to this court, and thus, this factor does not favor remand. See Opposition at 8-9. However, the court in *In re Cytodyn* addressed a similar factual situation and concluded that it would be imprudent to simply ignore the fact that a related proceeding had been commenced in state court prior to removal. *See In re Cytodyn*, 374 B.R. at 739. This court agrees with the *Cytodyn* court and finds that this factor favors remand based on Plaintiff's commencement of both the Van Nuys State Court Action and the Downtown Los Angeles State Court Action in state court.

**5. Other Jurisdictional Basis**

The fifth factor, other jurisdictional basis, favors remand. Bankruptcy courts have jurisdiction over "core proceedings," or proceedings which "arise under" or "arise in" a case under the Bankruptcy Code, Title 11 of the United States Code. 28 U.S.C. § 1334(b). Generally, "core proceedings" are those which arise under or in the Bankruptcy Code, Title 11 of the United States Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). Bankruptcy courts also have jurisdiction over "noncore proceedings," or those which are "related to" the Bankruptcy Code, Title 11 of the United States Code. 28 U.S.C. § 1334(b); *In re Harris Pine Mills*, 44 F.3d at 1435. The Ninth Circuit elaborating on noncore proceedings explained that "[a]n action is related to bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), *citing and quoting, Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984). The Ninth Circuit further observed that if a proceeding does not invoke a substantive right created by federal bankruptcy law and if it could exist outside of bankruptcy, it is noncore. *In re Eastport Associates*, 935 F.2d 1071, 1076 (9th Cir. 1991) (citation omitted). Here, the outcome of Plaintiff's cause of action may affect the Debtors' rights, liabilities, options or freedom of action, such that the court has "related to" jurisdiction. However, Plaintiff's cause of action is based on state law, which does not invoke a substantive right created by federal bankruptcy law and could exist outside of the bankruptcy, and thus, it cannot properly be categorized as a core proceeding for jurisdictional purposes. *Id*. at 1076. Therefore, no basis of jurisdiction exists over Plaintiff's state law cause of action other than the court's "related to" jurisdiction of 28 U.S.C. § 1334, and this factor favors remand.

**6. Relatedness to Main Bankruptcy Case**

The sixth factor, relatedness or remoteness of the proceeding to the main bankruptcy case, also favors remand. Debtors argue that Plaintiff's cause of action falls under the list of core proceedings put forth in 28 U.S.C. § 157(b). Opposition at 9. Yet, the same jurisdictional analysis put forth under the fifth factor applies to the sixth factor as well. Plaintiff's cause of action is based on state law, not federal bankruptcy law, and could still exist outside of the bankruptcy case, even if it arguably fit within the literal wording of the provisions of 28 U.S.C. § 157(b). Therefore, Plaintiff's claim is most appropriately characterized as a noncore proceeding which is only tangentially related to

8

the main bankuptcy case. *See In re Cytodyn*, 374 B.R. at 740 (finding that where litigation was able to, and did, exist outside of bankruptcy, such that it was going forward to trial before removal, the litigation was a noncore bankruptcy proceeding and the sixth factor weighed in favor of remand).

### 7. Substance of an Asserted "Core" Proceeding

The seventh factor, substance of an asserted core proceeding, also favors remand because the Debtors' contention that Plaintiff's claim is core to the bankruptcy is not persuasive as discussed above on the fifth and sixth factors. Further, even if the Court were to determine that the Plaintiff's claim is "core," that does not preclude remand. *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (9th Cir. BAP 2009).

### 8. Feasibility of Severing State Law Claims

The eighth factor, feasibility of severing state law claims from core bankruptcy matters, favors remand. Plaintiff's claim raises only state law issues and is therefore easily separated from any other core bankruptcy matters.

### 9. The burden on the bankruptcy court's docket

The ninth factor, burden on the bankruptcy court's docket, favors remand. Debtors contend that remand would waste judicial resources by requiring the state court to decide claims also at issue in the 523 Adversary Proceeding. Opposition at 10. Nonetheless, determination of the validity of Plaintiff's claim is separate from the determination of whether the debt from such claim is non-dischargeable under 11 U.S.C. § 523. If this court were to determine the validity of such claim beyond the scope of debt dischargeability, an additional burden would be placed on the court's docket to conduct the trial of Plaintiff's claim after the case was ready for trial in state court after extensive litigation proceedings.

9

**10. Forum Shopping**

The tenth factor, likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, favors remand. Given that the Downtown Los Angeles State Court Action has been pending in the Superior Court for over a year with the final status conference having been set for August 24, 2018 and the trial having been set for September 4, 2018, before Debtors removed it to this court on May 14, 2018, these circumstances suggest forum shopping by delaying the adjudication of the Downtown Los Angeles State Court Action when hearing and trial dates had been already set. In light of the Superior Court's rulings on Plaintiff's multiple motions to compel discovery by Plaintiff and on Debtor Joseph Zargar's motion to transfer venue adverse to him, and the setting of final status conference and trial dates by the Superior Court in this action, Debtors' removal of the case thus appears to be an attempt to delay the discovery and adjudication of the Downtown Los Angeles State Court Action. Therefore, this factor favors remand.

**11. Right to a Jury Trial**

The eleventh factor, existence of right to a jury trial, favors remand. Plaintiff demanded a jury trial in response to Debtors' Notice of Removal (Docket Number 5). While the bankruptcy court may conduct a jury trial with consent of the parties as 28 U.S.C. § 157(e) states that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties", not all parties may consent, and the trial of the removed action will have to be conducted in the district court. This factor favors remand.

However, Debtors argue that Plaintiff ceded any right he had to a jury trial on the Downtown Los Angeles State Court Action's claim when he filed his $3.5 million proof of claim in the bankruptcy case.  Opposition at 10.  They argue that Plaintiff as a "creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim," citing and quoting, *In re Conejo Enterprises, Inc.*, 71 F.3d 1460, 1467 (9th Cir. 1995).  However, the quoted language from this opinion is no longer effective because the Ninth Circuit issued a superseding opinion which did not include the quoted language relied upon by Debtors.  *In re Conejo Enterprises, Inc.*, 96 F.3d 346 (9th Cir. 1996).  Therefore, Debtors' argument is unpersuasive.

**12. The presence in the proceeding of nondebtor parties**

The twelfth factor weighs against remand when there is an absence of nondebtor parties in the state court litigation.  Here, the only two parties are Plaintiff and Debtor Joseph Zargar.  Thus, this factor weighs against remand.

**13. Comity**

In general, comity favors allowing state courts to adjudicate state law claims, as the Ninth Circuit Bankruptcy Appellate Panel has indicated that "[n]eedless decisions of state law by federal courts should be avoided as a matter of comity . . . in order to procure for the litigants 'a surer-footed reading of applicable law.'"  *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's cause of action in the Downtown Los Angeles State Court Action is based on a Nevada statute.  Opposition at 11:22-24.  Since the action is to be remanded to a California court, comity does not apply.  Thus, this factor is neutral.

**14. Possibility of Prejudice**

11

The fourteenth factor may favor remand when a plaintiff who has requested a jury trial will be prejudiced by a failure to remand as argued by Plaintiff. *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 764 (S.D. Cal. 2007). Here, Plaintiff has requested a jury trial and has not consented to the conduct of the jury trial in the bankruptcy court as a trial forum (Docket No. 5). To the extent that keeping the state law claim in the bankruptcy court would deny the Plaintiff the right to his jury trial, Plaintiff will be prejudiced. However, a jury trial can be conducted on Plaintiff's state law claim by the district court, so there should be no prejudice to Plaintiff's right to jury trial.

Debtors argue that remand would be prejudicial to them because litigation of this matter in this court is cost effective if the various litigation proceedings between the parties, including the Downtown Los Angeles State Court Action, the Van Nuys State Court Action, Debtors' objections to Plaintiff's proof of claim and Plaintiff's 523 actions are consolidated. The court does not see any cost savings here by not remanding this case because the case will have to be tried by a jury wherever. Therefore, this factor is neutral in the court's view.

**Totality of the Circumstances**

The court determines that based on its analysis of the factors for equitable remand under 28 U.S.C. § 1452(b), most of the factors favor remand.

The court has also considered the impact of Plaintiff's filing of a proof of claim in Debtors' bankruptcy case and determines that it does not have a substantial impact on its determination for equitable remand. Although Plaintiff has submitted to bankruptcy court's jurisdiction by filing the proof of claim, which is a core matter, that the matter is core does not preclude discretionary remand. *See In re Cedar Funding, Inc.*, 419 B.R. at 820. Because this court finds equitable grounds for discretionary remand, as discussed

in the analysis of the fourteen factors, remand is appropriate, even if Plaintiff has filed a proof of claim in this bankruptcy case, which is a core matter.

The court has also taken into consideration traditional policy grounds upon which motions to remand are often granted including: judicial economy; prompt, final resolution of disputes; respect for state courts on issues of state law; and the expertise of the court in which the matter was pending originally. *See In re Marathon Home Loans*, 96 B.R. 296, 300 (E.D. Cal. 1989) (citations omitted). Beyond the fourteen factor equitable remand analysis, the court finds that traditional policy grounds also warrant remand, as remand is more likely to lead to a prompt, final resolution of the disputes given the familiarity of the state court having a history of extensive litigation proceedings in this case.

### **Conclusion**

For the foregoing reasons, the court grants Plaintiff's Motion to Remand this removed action now pending in this adversary proceeding, the Downtown Los Angeles State Court Action, Case Number BC655599 (Superior Court of California, County of Los Angeles, Civil Division, Stanley Mosk Courthouse) back to the Superior Court of California, County of Los Angeles, Civil Division, Stanley Mosk Courthouse. A separate final order is being filed and entered concurrently herewith.

IT IS SO ORDERED.    ###

Date: July 16, 2018

_____
Robert Kwan
United States Bankruptcy Judge

13